In the Matter of Mary A. CIPA, Debtor.

**Leonard F. MARTINE, Executor of the Estate of Anna Martine, Plaintiff,**

v.

**Mary A. CIPA, Defendant.**

**Bankruptcy No. 80–796.**
**Adv. No. 80–645.**

United States Bankruptcy Court,
W. D. Pennsylvania.

June 26, 1981.

Terrence F. McVerry, Howard F. Voigt, Gondelman, Baxter, Mansmann & McVerry, Pittsburgh, Pa., for plaintiff.

Douglas A. Campbell, Campbell, Lampl & Levine, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

GERALD K. GIBSON, Bankruptcy Judge.

This dispute calls upon the Court to consider the impact of the Bankruptcy Code, 11 U.S.C. §§ 101–151326, on interests in property held as tenants by the entireties where only one spouse has filed for bankruptcy. Specifically, the case at bar presents the questions of whether a debtor may claim entireties property as exempt and, if so, whether the debtor may avoid a judicial lien on the entireties property that arose from a claim against both spouses pursuant to section 522(f) of the Bankruptcy Code.

On August 4, 1980, Leonard F. Martine filed a complaint objecting to the debtor's claimed exemption of real property, which is owned by the debtor, Mary Cipa, and her husband, E. Gregory Cipa, as tenants by the entireties. In her answer and counterclaim, the debtor alleges that the entire value of the entireties property may be claimed as exempt. She further avers that exemptions are determined vis-a-vis the rights of the bankruptcy trustee and under applicable Pennsylvania law, the debtor's interest in the subject real property is exempt from legal process by one having the rights and powers of a trustee pursuant to section 544 of the Bankruptcy Code. The debtor further alleges that Martine's judicial lien is avoidable under Section 522(f) of the Code since it impairs an allowable exemption.

The parties agreed to waive an evidentiary hearing and filed a joint stipulation which included the following relevant facts. On May 22, 1980, Mary Cipa, a/k/a Audrey Cipa, filed a voluntary petition under Chapter 7 of the Bankruptcy Code. In Schedule B–4 of her petition in bankruptcy, Mary Cipa claimed as exempt, *inter alia*, real property located at 216 Hart Drive, Pittsburgh, Pa. 15235. The debtor and E. Gregory Cipa own this property as tenants by the entireties.

On January 31, 1962, Mary Cipa and E. Gregory Cipa executed a judgment note payable to Anna Martine in the principal amount of $7,000. Sometime during 1968,

the judgment note was filed as a confessed judgment in the Court of Common Pleas of Allegheny County, Pennsylvania in the amount of $7,000. This judgment, as revived, constitutes a judicial lien on the Hart Drive property. Anna Martine died in 1971 and Leonard F. Martine, her son and sole heir, was named executor of her estate. In 1973, the judgment note was revived in the amount of $7,000 in the Court of Common Pleas of Allegheny County. On September 15, 1978, Leonard Martine filed a praecipe for a judgment of revival in the amount of $18,408.69 and a praecipe for a writ of execution in the same amount to effect a sale of the Hart Drive property. Prior to the sale of the property, Mary Cipa filed a voluntary petition in bankruptcy.

The amount of the debt secured by the judicial lien is in dispute; however, the value of the Hart Drive property, which is approximately $40,000, exceeds the amount of the debt secured by the plaintiff's judicial lien.

*Discussion*

I. *Timeliness of Martine's Objection to Cipa's Claim of Exemptions*

Initially, the debtor argues that Martine failed to timely file an objection to the debtor's claim of exempt property by failing to comply with the Order of this Court dated June 23, 1980. The Order set July 3, 1980 as the date for the meeting of creditors and provided that "unless the court extends the time, any objection to the debtor's claim of exempt property (Schedule B–4) must be filed within 15 days after [July 3] the above date set for the meeting of creditors." Although Martine acknowledges that he filed the objections on August 4, 1980, which was beyond the 15 day period, he argues that the delay does not prejudice the interests of the debtor.

Section 522(*1*) of the Bankruptcy Code provides that "[t]he debtor shall file a list of property that the debtor claims as exempt . . .;" and that "[u]nless a party in interest objects, the property claimed as exempt on such list is exempt." 11 U.S.C. § 522(*1*). There is no specific provision under the Code or Rules of Bankruptcy Procedure which dictates the time limitations for filing objections to exemption claims. Rule 403 of the Rules of Bankruptcy Procedure provided that under the former Bankruptcy Act objections must be filed within 15 days after the filing of the trustee's report. Rule 403 in applicable under the Code since the trustee is no longer required to file a report. There is also no local rule governing the time period within which a creditor must file objections to the debtor's claimed exemptions.

The equities in this case mandate that the Court excuse the delay in the filing of objections and consider the merits of Martine's claim. The delay did not in any way prejudice the debtor since the debtor's discharge was not available until August 4, 1980. On the other hand, a refusal to entertain the merits of Martine's objections would be extremely unfair to the creditors of the debtor's estate.

II. *Section 541 and the Debtor's Undivided Interest In the Entireties Property*

When faced with a question of statutory construction, a court must first look to the language of the statute. *Caminetti v. United States*, 242 U.S. 470, 37 S.Ct. 192, 61 L.Ed. 442 (1917). The statutory language, however, "assumes meaning from the context in which it is used and from the backdrop of the congressional purpose . . . ." *United States v. Duncan*, 527 F.2d 1278, 1280 (3d Cir. 1976).

Section 541(a)(1) of the Code provides that the commencement of a bankruptcy case creates an estate comprised of "all legal or equitable interests of the debtor in property." 11 U.S.C. § 541(a)(1). The all-embracing definition of section 541 differs substantially from section 70(a) of the former Bankruptcy Act, which specifically outlined the kinds of property that were included in the estate. Although the debtor's interest in property under section 541 is a question of federal law, state law defines and governs interests held as tenants by the entireties. *In re Barsotti*, 7 B.R. 205, 207

(W.D.Pa.1980); *In re Ford,* 3 B.R. 559, 564 (D.Md.1980). We turn, therefore, to Pennsylvania law for illumination.

■ Under Pennsylvania law, both husband and wife as tenants by the entireties are seized of an undivided whole of the property and not of a share moiety or divisible part. *Shapiro v. Shapiro,* 424 Pa. 120, 224 A.2d 164 (1966); *In re Gallagher's Estate,* 352 Pa. 476, 43 A.2d 132 (1945). The estate "rests on the legal unity of husband and wife . . . [and] is therefore a unit, not made up of divisible parts . . ., but is an indivisible whole vested in two persons actually distinct, yet to the legal instrument one and the same." *Beihl v. Martin,* 236 Pa. 519, 84 A. 953, 955 (1912).

■ Each spouse has a right to the use and possession of the property, *McGary v. Lewis,* 384 Pa. 173, 119 A.2d 497 (1956), and in the event of the death of one spouse, the survivor takes no new estate because the estate continues and is thereafter composed of only one natural person. *Beihl v. Martin,* 236 Pa. 519, 84 A. 953 (1912). Neither spouse, acting independently, may dispose of any portion of the estate so as to effect a partition or severance; nor may either encumber the property. *Backus v. Backus,* 464 Pa. 380, 346 A.2d 790 (1975).

■ Congress clearly intended to include the debtor's undivided interest in entireties property within the broad scope of section 541, even where, as here, only one spouse files for bankruptcy. *In re Barsotti,* 7 B.R. at 210; *In re Ford,* 3 B.R. at 567. Because the debtor's undivided interest in the whole of the entireties property becomes a part of the estate, the entireties property itself becomes subject to administration. Pursuant to section 363(h), the trustee may sell, subject to certain conditions outlined in 11 U.S.C. § 363(h)(1)–(4), entireties property without the consent of the non-debtor spouse, even though the debtor spouse alone would be precluded under state law. Section 363(h) does, however, protect the non-debtor spouse's interest by granting the spouse a right of first refusal at a sale and by providing that the trustee pay the spouse the value of the spouse's equity in the property. Hence, the undivided interest of Mrs. Cipa in the whole of the Hart Drive property becomes a part of the debtor's estate and the entireties property itself becomes subject to administration.

### III. *The Exemption of Entireties Property Under 522(b)*

In furtherance of the federal policy of affording the debtor a fresh start, section 522(b) provides that the debtor may exempt certain property from the estate. Unlike the former Bankruptcy Act which expressly excluded exempt property from the estate, 11 U.S.C. § 110(a) (repealed), section 541 includes exempt property as part of the estate. H.R.Rep. No. 595, 95th Cong., 2d Sess. 368, reprinted in [1978] U.S. Code Cong. & Ad. News 5963, 6324; *In re Ford,* 3 B.R. at 568. Section 522(b) reads:

Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either—

(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place; and

(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt *from process under applicable nonbankruptcy law.*

■ Section 522(b) establishes a method which allows the debtor to choose, unless the debtor's domicile specifically precludes

the election, one of the following two exemption plans, wherein the debtor may exempt from property of the estate either: (1) property outlined in section 522(d) of the Bankruptcy Code; or (2) any property that is exempt under nonbankruptcy federal law or state or local law, and any interest in entireties property or joint tenancy property to the extent that such interest is exempt from process under nonbankruptcy law. If the debtor does not exempt property that might be otherwise subject to exemption, it remains property of the estate. *In re Ford*, 3 B.R. at 568.

The present system of alternative exemption plans is an important departure from the former Bankruptcy Act, which exclusively referred to nonbankruptcy law to determine exemptions, and represents a compromise between the House and Senate positions on the issue. 124 Cong. Rec. S 17, 412 (daily ed. Oct. 6, 1978) (remarks of Sen. DeConcini). Originally, the Bankruptcy Commission's version in section 4–503(a) of its proposed statute eliminated the nonbankruptcy law exemptions and provided that a debtor "shall be allowed exemptions of property as provided in this section." Report of the Commission on Bankruptcy Laws of the United States, H.R. Doc. 93–137, 93rd Cong., 1st Sess. Pt. 1 at 127–128 nn. 1 and 2.

Both the Senate and the House disagreed with the Commission's approach. While the Senate in its proposed section 522(b) provided only for nonbankruptcy law exemptions as under the former Bankruptcy Act, the House version, which ultimately prevailed, proposed a system of alternative exemption plans. *See*, S. Rep. No. 95–989, 95th Cong., 2d Sess. 75–76 (1978); H.R. Rep. No. 95–595, 95th Cong., 1st Sess. 126–127, U.S. Code Cong. & Admin. News 1978, 5787 (1977). The House Report clarified its proposal as follows:

> Though exemption laws have been considered within the province of state law under the current Bankruptcy Act, H.R. 8200 adopts the position that there is a Federal interest in seeing that a debtor that goes through bankruptcy comes out with adequate possessions to begin his fresh start. Recognizing, however, that circumstances do vary in different parts of the country, the bill permits the States to set exemption levels appropriate to the locale, and allows debtors to choose between State exemptions and the Federal exemptions provided in the bill. Thus, the bill continues to recognize the States' interest in regulating credit within the States, but enunciates a bankruptcy policy favoring a fresh start.

In this case, the debtor elected to exempt property from her estate pursuant to section 522(b)(2)(A) and section 522(b)(2)(B), and claimed as exempt the entire $40,000 value of the Hart Drive property. The applicable Pennsylvania exemption statute provides a general monetary exemption of $300 of any personal property, 42 Pa.C.S.A. § 8123, and a list of particular property that the debtor may exempt, including, *inter alia*, wearing apparel, Bibles and school books, 42 Pa.C.S.A. § 8124. Sections 8123 and 8124 do not exempt outright property held as tenants by the entireties and, therefore, Mrs. Cipa may claim as exempt her undivided interest in the Hart Drive property "only to the extent that such interest ... is exempt from process under applicable nonbankruptcy law." 11 U.S.C. § 522(b)(2)(B).

Under Pennsylvania law, entireties property is immune from legal process or final execution, including partition, sale or levy, to enforce a judgment against only one spouse. *Amadon v. Amadon*, 359 Pa. 434, 59 A.2d 135 (1948); *In re Barsotti*, 7 B.R. at 205 (1980). Creditors of either spouse, therefore, cannot acquire by judgment an enforceable lien on entireties property or title therein by sale or execution. *Amadon v. Amadon*, 359 Pa. at 434, 59 A.2d at 135. A judgment creditor of one spouse has, however, a potential lien on entireties property based upon that spouse's survivorship interest. A creditor of one spouse may execute against entireties property if the non-judgment spouse predeceases the judgment spouse. *Id.*

A joint creditor may execute on entireties property in order to satisfy his judgment. *Stauffer v. Stauffer*, 465 Pa. 558, 351 A.2d 236 (1976); *Arch Street Bldg. & Loan Ass'n. v. Sook*, 104 Pa.Super. 269, 158 A. 595 (1932). Prior to Mrs. Cipa's filing for bankruptcy, a joint creditor of her and her husband could have executed on the Hart Drive entireties property. Accordingly, only the ownership equity in the Hart Drive property over and above the joint creditor's lien would be immune from process under Pennsylvania law. Cipa, therefore, may claim as exempt only her undivided interest in the ownership equity of the Hart Drive property. The practical significance of this "immunity from process" is to render the entireties property without value to the unsecured creditors of Mrs. Cipa's estate. Upon sale of the property, an amount equal to the value of the judicial lien would go to Martine; the balance to the tenants by the entireties.

### IV. *Section 522(f) and the Avoidance of Judicial Liens*

The debtor next claims that she is entitled to avoid the judicial lien of Martine under section 522(f) of the Code. Section 522(f) provides:

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; or

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family or household use of the debtor or a dependent of the debtor;

(B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or

(C) professionally prescribed health aids for the debtor or a dependent of the debtor.

In this case, however, section 522(f) is inapplicable since the judicial lien does not impair the debtor's allowable exemption under state law. In substance, the debtor is asking the Court to expand her allowable "immunity from process" under section 522(b)(2)(B) into an outright exemption under 522(b)(2)(A). Pursuant to section 522(b)(2)(B), the debtor has the right to exempt her interest in the entireties property only to the extent that it is immune from process under Pennsylvania law. She does not have the right to exempt outright the entire value of the entireties property.

In summation, the Court concludes that a debtor who elects his state exemption takes the exemption with all of the advantages and infirmities that exist under the state law. The debtor may not use Section 522(f) of the Code to enlarge the state exemption. As a matter of federal policy, Congress has outlined the assets necessary for a fresh start in section 522(d) and has enacted section 522(f) to ensure that those assets will be available to the debtor. Congress has given, however, the debtor an opportunity to exempt, if more advantageous: (1) any property that is exempt under state law; and (2) any interest in entireties property "to the extent ... exempt from process under nonbankruptcy law." 11 U.S.C. § 522(b)(2)(B). The states are therefore free to expand or restrict the kind and amount of property that is exempt from process. The states are further free to expand or restrict the extent to which entireties property is immune from process under state law. When Congress enacted sections 522(d) and 522(f), it did not intend to infringe on the rights of state legislatures to determine state exemptions or the means of securing them.

An appropriate order will be entered.