**In re Elwood R. BUCKWALTER, Debtor.**

**Bankruptcy No. 80–01600 T.**

United States Bankruptcy Court, E. D. Pennsylvania.

March 15, 1982.

---

Penn Glazier, Lancaster, Pa., for debtor.

Anthony P. Schimaneck, Lancaster, Pa., for bank.

## OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

The debtor in this case has made application to avoid a lien on property he holds as tenants by the entirety. The lien holder objects to the lien avoidance, and seeks an order which would permit execution upon the lien. For reasons hereinafter given, we conclude that the lienholder may not be granted relief in this procedural posture, and that the debtor may avoid the lien to the extent it impairs his claimed exemption.[1]

The debtor in this case is Elwood R. Buckwalter (hereinafter, the debtor). The debtor, though married, filed an individual voluntary petition seeking relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 101–1330 (1979), on March 9, 1981. The debtor's wife, Hazel Buckwalter, did not join in the voluntary petition.

In the schedules accompanying his petition, debtor claimed as exempt, pursuant to 11 U.S.C. § 522(b) (1979), his interest in two parcels of land which he owns with his wife as tenants by the entireties. The two parcels consist of a lot with residence designated in the schedules as "Lot # 7, Oak Lane Development, East Donegal Township, Lancaster County, Pa.," and an adjoining lot designated as "Lot # 15, Oak Lane Development, East Donegal Township, Lancaster County, Pa." Debtor assigns an exemption value of $1 to his interest in each of the above mentioned properties.

Union National Mount Joy Bank (hereinafter, the Bank) holds a judgment, dated June 17, 1974, against Elwood R. and Hazel G. Buckwalter. The docketing (and subsequent revival) of the judgment created a lien on all real property of Elwood and Hazel Buckwalter, 42 Pa.Cons.Stat.Ann. § 4303 (Purdon 1978) including the above mentioned property.

Debtor has filed an application to avoid the Bank's lien to the extent it impairs his claimed exemption. The Bank has answered the application to object to the proposed avoidance of its lien, averring that it believes it may proceed with execution on its lien on the real property. The Bank prays for an order allowing it to proceed with the execution.

A hearing was held on the debtor's application on May 8, 1981, at which time the material facts were stipulated, and the matter taken under advisement. Both parties have submitted briefs on the relevant issues.

There appears to be no question that the lien is a judicial lien within the meaning of 11 U.S.C. § 101(27) (1979). *In re Burkholder,* 11 B.R. 346 (Bkrtcy.E.D.Pa.1981). The issues are 1) whether a lien on property held as tenants by entireties may be avoided by one tenant pursuant to Section 522(f), and, 2) whether a judicial lien creditor may execute against property held as tenants by the entireties when one tenant has filed a petition in bankruptcy?

## THE BANK'S ACTION AGAINST PROPERTY HELD AS TENANTS BY THE ENTIRETY.

In this case, the Bank holds a lien securing a joint obligation on real property held as tenants by the entireties. The Bank asserts in its brief that a discharge of one of the tenants, although a discharge of the personal liability of that tenant, does not

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

affect its right to subject the real property encumbered by its lien to execution for payment of the joint debt. On the strength of this assertion, the Bank seeks an order allowing it to proceed with execution on the property. However, we must consider the effect of the automatic stay imposed by 11 U.S.C. § 362(a) (1978).

We believe that an answer to an application to avoid liens is not the proper pleading in which to assert their claimed right to enforce their lien. The Bank may wish to file a complaint to seek relief from the automatic stay. We cannot, however, allow the Bank to proceed with its execution without complying with the statutorily mandated procedures and standards for relief from the stay. For that reason, we will deny the Bank's request for an order allowing it to execute upon its lien against property held by the debtor as tenant by the entireties.

## DEBTOR'S CLAIMED EXEMPTION AND LIEN AVOIDANCE.

Debtor seeks to avoid the Bank's lien to the extent it impairs the claimed exemption of his interest in the property. While the Bank in its answer to debtor's application does not specifically object to either the claim of exemption or the proposed lien avoidance, it raises the question of whether the exemption or lien avoidance by only one tenant by the entirety will effectively shelter the property from execution upon the judgment lien. Because our own analysis of the debtor's application raises questions in our mind of the availability to the debtor of the exemption and lien avoidance, we will discuss the above issues.

The Bank seems to argue in its answer and brief that debtor is attempting to insulate the entireties property from execution on the lien. At the hearing on this matter, counsel for the Bank expressed the fear that the proposed lien avoidance would frustrate the Bank's attempts to subject the property held as tenants by the entireties for payment of the joint debt. For several reasons, we believe the Bank's fears are unfounded.

■ 11 U.S.C. § 541(a) provides that the filing of a petition creates an estate comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case."[2] We conclude that the debtor's *interest* in the property, limited as it may be by the constraints of tenancy by the entireties under state law, does come within the meaning of "interests in property" contained in Section 541. Having concluded that the debtor's estate does contain that interest, it is clear that the debtor may choose to exempt that interest, providing it is an "exemptable" interest under 11 U.S.C. § 522(d) (1979). Debtor has chosen the so called "federal exemptions" of Section 522(d); that section states that "[t]he debtor's aggregate interest . . . in real property . . . that the debtor or a dependant of the debtor uses as a residence . . ." may be exempted. We believe there is no question but that this language adequately and specifically relates to the interest of the debtor in this case. 11 U.S.C. § 522(f) (1979) states that the "debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption . . . if such lien is—(1) a judicial lien." This is precisely what the debtor proposes to do; we see no reason to deny the debtor that which the law allows.

While the above analysis concludes that the debtor may legally exempt his interest in the property, and may avoid a judicial lien to the extent that lien impairs the exemption, we still must address the Bank's contention regarding execution upon the lien. We believe that the debtor cannot accomplish any more by filing singly than he could if he filed his petition jointly with his wife. Several factors have led us to that conclusion.

**2.** We note that this concept is meaningfully different from the concept "all property in which the debtor has an interest." *In re Parker GMC Truck Sales*, 12 B.R. 667, 6 BCD 899 (Bkrtcy.S.D.Ind.1980). We believe it is the debtor's interest in the property, not the actual property itself, which becomes property of the estate. *accord, In re Anderson*, 12 B.R. 483 (Bkrtcy.W.D.Md.1981); *contra, In re Cipa*, 11 B.R. 968, at 971 (Bkrtcy.W.D.Pa.1981).

First, the lien is avoided only to the extent it impairs the debtor's exemption. Thus, if the value of the property exceeds the value of any unavoidable encumbrances plus the debtor's exemption, the property remains subject to the avoided lien. *In re Burkholder,* 11 B.R. 346 (Bkrtcy.E.D.Pa. 1981); *In re Van Gorkom,* 4 B.R. 689 (Bkrtcy.D.S.D.1980). Here, the debtor values his exemption at one dollar ($1); thus, the lien on the property in which the debtor claims an interest as tenant by the entirety remains enforceable to the extent the value of the property exceeds one dollar plus any senior unavoidable encumbrances, if any.

Second, assuming a case of facts which best supports the Bank's argument, the Bank would be in the same position. Assuming, for example, that the debtor's wife would file a petition soon after the debtor in this case was discharged, and then sought to similarly avoid the Bank's lien, the Bank's lien would again exist if the properties' value exceeded the value of her exemption plus any unavoidable liens. In either situation or where husband and wife have filed jointly, the result would be identical; the debtors' personal liability would be discharged, but the lien would remain to the extent it did not impair the exempted interest in property.

We therefore conclude that the debtor may exempt his interest in property held as tenants by the entireties from the estate, and further, that he may avoid the judicial lien on that interest to the extent that lien impairs his exemption. We further conclude that the Bank may not execute on its lien, as the proper procedural prerequisites for relief from the stay have not been met.