**In re James P. McVAN and Betty D. McVan, Debtors.**

**BUCKS COUNTY TEACHERS' FEDERAL CREDIT UNION, Plaintiff,**

v.

**James P. McVAN and Betty D. McVan, Defendants.**

**Bankruptcy No. 80–02495G.**
**Adv. No. 82–0246G.**

United States Bankruptcy Court,
E. D. Pennsylvania.

July 14, 1982.

---

4. See *In re DeSimone*, 13 B.R. 981 (Bkrtcy.E.D. Pa.1982).

5. *Id.* at 983–84.

David L. Styer, Newtown, Pa., for plaintiff, Bucks County Teachers' Federal Credit Union.

George A. Priestley, Walder, Martin & Kresman, P. C., Philadelphia, Pa., for debtors/defendants, James P. McVan and Betty D. McVan.

Leonard P. Goldberger, Philadelphia, Pa., Trustee.

### OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue presented herein is whether the debt owed by the debtors to a credit union is nondischargeable pursuant to § 523(a)(2)(B) of the Bankruptcy Code ("the Code") as a debt for obtaining money by the use of a materially false statement in writing about the debtors' financial con-

dition on which the credit union reasonably relied and which the debtors made with the intent to deceive. We conclude that the debt in question is dischargeable because the credit union failed to sustain its burden of proving that it relied on the debtors' credit application or that the debtors had the requisite intent to deceive when they prepared the application.

The facts of the instant case are as follows:[1] In July, 1979, James P. McVan and Betty D. McVan ("the debtors") applied for a loan of $7,000.00 from the Bucks County Teachers' Federal Credit Union ("the credit union"). The purpose of the loan was to refinance a prior loan from the credit union in the amount of $2,303.00 as well as to borrow an additional $4,697.00. As part of the credit application, the debtors were asked to list all of their creditors. The debtors thereupon listed three creditors to whom they owed a total of $36,500.00, but failed to list other creditors to whom they owed an additional $10,000.00.

Subsequently, on October 2, 1980, the debtors filed a petition for relief under chapter 7 of the Code. The credit union thereafter filed the instant complaint alleging that the debt arising from the above loan[2] is nondischargeable pursuant to § 523(a)(2)(B) of the Code. That section provides:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

. . . . .

(2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—

. . . . .

(B) use of a statement in writing—
(i) that is materially false;
(ii) respecting the debtor's or an insider's financial condition;
(iii) on which the creditor to whom the debtor is liable for obtaining such

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. The evidence at trial established that the balance due on that loan is $6,861.00 plus interest from October 1, 1979.

money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive.[3]

The party seeking to have a debt declared nondischargeable has the burden of proving the four elements required by § 523(a)(2)(B).[4]

In the case at bench, the evidence presented at trial established that the debtors did use a materially false written statement about their financial condition in obtaining the loan from the credit union. The credit application which the debtors filled out called for the disclosure of all of the debts owed by the debtors. However, the debtors failed to list therein a number of creditors to whom they were substantially indebted. The failure to list those creditors made that application a materially false written statement about their financial condition.[5]

However, we conclude that the evidence presented was not enough to establish the last two elements of § 523(a)(2)(B) of the Code. With respect to the first of those elements (the reasonable reliance of the credit union on the false statement given by the debtors), an officer of the credit union testified that there were several factors on which he relied in recommending that the debtors' loan application be approved. Firstly, he testified that he relied on the fact that the debtors had had a good record of repayment on their prior loan. Secondly, the officer stated that he also considered the fact that the debtors had $1,116.00 worth of shares in the credit union. And thirdly, the officer stated on cross-examination that he was not sure that he would have denied the debtors' loan application even if it had contained the other debts owing by the debtors. Rather, he said that it would have depended on what the monthly payments were on those debts so that he could determine whether the debtors' monthly salary was sufficient to pay all of their monthly payments. The husband/debtor testified that the reason he did not list the other debts was that the majority of them were owed to relatives and did not require any regular monthly payments. Based on all of the above, we conclude that there is insufficient evidence to prove that the credit union reasonably relied on the false statement submitted by the debtors.[6]

█ Finally, we find that the credit union has failed to carry its burden of persuading us that the debtors had the requisite intent to deceive when they failed to list all of their debts on the loan application given by them to the credit union.[7] In this regard, we find the testimony of the husband/debtor to be highly credible. He testified that he did not list all of the debts owed by him and his wife because most of them were debts to relatives which did not require any monthly payments. Thus, he stated that he felt it was unnecessary to list them since they did not require monthly payments and, hence, did not affect the ability of the debtors to make their monthly payments to the credit union.

3. 11 U.S.C. § 523(a)(2)(B).

4. *See, e.g., In re Russell*, 18 B.R. 325 (Bkrtcy.E.D.Pa.1982); *In re Keppel*, 14 B.R. 479 (Bkrtcy.E.D.Pa.1981); *In re Magnusson*, 14 B.R. 662 (Bkrtcy.N.D.N.Y.1981); *In re Drewett*, 13 B.R. 877 (Bkrtcy.E.D.Pa.1981). *See generally*, 3 Collier on Bankruptcy ¶ 523.09 at 523–49 (15th ed. 1981).

5. *See, e.g., In re Graham*, 11 B.R. 701 (Bkrtcy.D.Conn.1981); *In re Norton*, 11 B.R. 141 (Bkrtcy.D.Vt.1980).

6. *See, e.g., In re Ciampi*, 14 B.R. 441 (Bkrtcy.D.Conn.1981).

7. Although the plaintiff has the burden of production of evidence with respect to the first three elements of § 523(a)(2)(B), once it offers evidence of those three elements it has established a prima facie case. This gives rise to a presumption that the debtor had an intent to deceive the creditor and requires the debtor to go forward with evidence that he did not have such an intent. However, this shift in the burden of proof does not shift the burden of persuasion on all of the elements of § 523(a)(2)(B), which burden remains on the plaintiff. *See, e.g., In re Buckwalter*, 18 B.R. 327 (Bkrtcy.E.D.Pa.1982); *In re Barrett*, 2 B.R. 296 (Bkrtcy.E.D.Pa.1980); *In re Tomeo*, 1 B.R. 673 (Bkrtcy.E.D.Pa.1979).

In order for a debt to be determined to be nondischargeable pursuant to § 523(a) (2)(B), the debtors must have made the false statement with the intention and purpose of deceiving the creditor.[8] In this case, for the reasons heretofore stated, we conclude that the debtors lacked the requisite intent to deceive. As a result of all of the above, we find that the debt owed by the debtors to the credit union does not fall within the purview of § 523(a)(2)(B) and is, consequently, dischargeable.

---

**8.** *See, e.g., In re McMillan,* 579 F.2d 289, 292 (3d Cir. 1978).