In re John D. TERRITO, Debtor,

FORD MOTOR CREDIT COMPANY and Robert W. Tauber, Trustee,

v.

John D. TERRITO, Chelli & Bush, P.C., Schulman & Laifer, Esqs., and Beatrice Sullivan, Defendants.

Bankruptcy No. 182–12033–260.
Adv. No. 182–0514.

United States Bankruptcy Court,
E.D. New York.

March 18, 1983.

---

Rood, Schwartz, Cohen & Ruderman, New York City, for Ford Motor Credit Co.

Robert W. Tauber, Brooklyn, N.Y., Trustee.

Raymond J. Aab, New York City, for Chelli & Bush.

Charles R. Tropp, Staten Island, N.Y., for debtor.

## DECISION

CONRAD B. DUBERSTEIN, Bankruptcy Judge.

## FACTS

The debtor, John D. Territo, filed a voluntary Chapter 7 petition in bankruptcy on August 9, 1982. On August 29, 1982 this court issued an order fixing September 10, 1982 as the date of the first meeting of creditors as required by 11 U.S.C. § 341. The order stated that objections to the debtor's claim of exempt property found in Schedule B–4 of the petition must be filed within 15 days of this meeting unless the court extends the time.

The debtor listed in his schedules of assets the sum of $7,086.91 which he contends are the remaining proceeds from the settlement of a personal injury action and therefore exempt property pursuant to 11 U.S.C. § 522(d)(11)(D).[1] The settlement was in the sum of $25,000 which the debtor argues was solely for personal injuries even though the vehicle he was driving at the time of the accident was also damaged. The entire amount of the settlement has been disbursed with the exception of these remaining proceeds which are currently being held in escrow by his attorneys in the aforementioned negligence action, Chelli & Bush, P.C. An order has been obtained by the debtor directing that Chelli & Bush continue to hold the remaining proceeds subject to the further order of this court.

The creditor, Ford Motor Co., disputes the debtor's position regarding the nature of the subject funds. It claims that they rep-

---

1. The Bankruptcy Code allows a debtor to exempt certain property and keep it out of the reach of creditors. The debtor may elect those exemptions enumerated in § 522(d) of the Code or those provided by the laws of the state of the debtor's domicile. § 522(b). A state may, however, prevent its citizens from electing Code exemptions. § 522(b)(1). Such is the case in New York as of September 1, 1982. Effective as of that date debtors in New York are limited to those exemptions provided for in Article 10A § 282 of the Debtor and Creditor law of New York. Because the debtor in the instant proceeding filed his petition prior to that date, his election of the Federal exemptions provided for in 11 U.S.C. § 522(d) is controlling. That section says in relevant part:

> (d) The following property may be exempted under subsection (b)(1) of this section:
>
> (11) The debtor's right to revenue or property that is traceable to—
>
> (d) a payment, not to exceed $7,500, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss of the debtor or an individual of whom the debtor is a dependant.

resent, at least in part, the value of the vehicle the debtor was driving at the time he received his personal injuries and in which it has a perfected security interest. Consequently, they argue, those funds are at least partially non-exempt.

In a prior State Court proceeding the creditor obtained as an yet unexecuted judgment against the debtor in the amount of $6,100 plus interest for failure to make payments on the subject automobile under the terms of the aforementioned security agreement.

The debtor appeared at the first meeting of creditors as scheduled. The creditor also attended that meeting and the subject exemption was specifically discussed.

On October 19, 1982, some 24 days after the last day allowed for the filing of objections as a matter of right, the creditor filed an objection to the exemption. The creditor admits to the late filing but contends that it was excusable because it was unable to locate the original sales contract upon which its claimed security interest is based. Accordingly, the creditor now seeks an order pursuant to Bankruptcy Rule 906(b) extending the time to object.

The debtor opposes any extension of time. He believes this court is bound by a rule barring any application for an extension of time in which to object when such application is made more than 15 days after the first meeting of creditors. We disagree.

## DISCUSSION AND CONCLUSIONS

In the pre-Bankruptcy Code era this issue would have been resolved by reference to Bankruptcy Rule 403. Paragraph (c) of Rule 403 states that an application to extend the time in which to object to a debtor's claimed exemptions must be made

within 15 days of the first meeting of creditors. The Bankruptcy Rules, which were enacted prior to the Bankruptcy Code, apply to cases under the Code only to the extent that they are not inconsistent with it. 11 U.S.C. § 405(d). Since Rule 403 is inconsistent with § 522 of the Code it no longer has any application.[2] 3 *Collier on Bankruptcy* ¶ 522.02 (15th ed. 1978).

When a Bankruptcy Rule is deemed inapplicable because of its conflict with the Code, Rule 927 states that local rules will apply. For reasons of which this court is not aware, the local rules of this district do not provide time limitations on objections to exemptions. Thus, we are without a specific procedural rule to govern this situation. Without such a rule, heavy reliance must be placed on the language of the aforementioned order fixing the date for the first meeting of creditors which states:

Unless the Court extends the time, any objection to the debtor's claim of exempt property (Schedule B–4) must be filed within 15 days after the above date set for the meeting of creditors.

Since the subject order does not require that an application of an extension of time to object be made prior to the expiration of the 15 day period, we are not rigidly bound by that time frame.

An allowance for objections to exemptions and a limitation on the time in which such objections can be made reflects two underlying policies of the Bankruptcy Code. First, objections are permitted because the Code and public policy only favor the exemption of certain property, and second, limitations are placed on the time in which those objections can be made in order to expedite the discharge process and relieve the debtor from ongoing concern and responsibility for their indebtedness.[3] If a

---

2. The debtor's claim of exemptions is governed by 11 U.S.C. § 522(*l*). Since no time for filing objections is specified therein, it is inconsistent with Rule 403(c) which says objections must be made within 15 days of the first meeting of creditors. Thus, Rule 403(c) is not applicable under the Code. *See,* Rule 403, 1978 Bankruptcy Code—Comment, *Bankruptcy Rules Part 2, Collier Pamphlet Edition* (1979).

3. *See, Matter of Heyward,* 15 B.R. 629, 634 (Bkrtcy.E.D.N.Y.1981) in which Judge Price stated:

. . . . Rule 903 requires that there be an expeditious and economical administration of every bankrupt estate and the just, speedy, and inexpensive determination of every proceeding in bankruptcy.

creditor believes he has a legitimate objection it is incumbent upon him to be timely in raising it as an issue. *In re Koritz,* 2 B.R. 408, 6 B.C.D. 47 (Bkrtcy.D.Mass.1979). The 15 day period found in Rule 403(c) is arbitrary but nonetheless reasonable. However, because we are no longer governed by it we are permitted to look elsewhere for our authority and guidance in this matter. In the interest of equity our decision in this case rests on the respective positions of the parties at the time the creditor's objection was eventually made. That has been held to be a fair standard by which to gauge an extension of time in which to object. *Matter of Cipa,* 11 B.R. 968, 7 B.C.D. 1026 (Bkrtcy.W.D.Pa.1981).

█ We find, under the circumstances of this case, that the late objection did not prejudice the debtor and that the plaintiff's cross-motion to file a late objection should therefore be granted. The debtor took no action in the 24 days that intervened between September 25th, the last day for filing claims, and October 19th, 1982 when a claim was finally filed, that would indicate a detrimental reliance on the creditor's failure to make a timely objection. Permitting the creditor additional time to object produces the same result as if the objection had been timely and satisfies the aforementioned purposes of the Code. This rule is consistent with the holdings of other courts which have said that allowance for late filing of objections to claims of exempt property is discretionary with the court. *Ragsdale v. Genesco, Inc.,* 674 F.2d 277 (6th Cir.1982); *Cipa, supra.*[4]

Our finding in this matter is not to be considered as establishing a rule regarding time in which leave may be given to file late objections. Our authority to extend the filing time in this particular case flows from the absence of a specific rule limiting the time in which to request leave to so file, as well as the discretion vested in this court through its power of equity. *Bank of Marin v. England,* 385 U.S. 99, 87 S.Ct. 274, 17 L.Ed.2d 197 (1966); *Pepper v. Litton,* 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939). Future decisions should address themselves to the facts of each case until such a time as a more precise rule is formulated.

### ORDER

IT IS ORDERED that the debtor's motion to dismiss the plaintiff's objection to the debtor's claimed exemptions as untimely is denied and the plaintiff's cross-motion for an enlargement of time to so object is granted. It is further ORDERED that the attorneys for the debtor, Chelli & Bush, P.C. shall continue to hold the disputed funds until such time as the stauts of those funds is ultimately resolved and they are ordered to disburse them.

---

He further stated:
> Because time is so integral to the bankruptcy laws, the time limits that are imposed within which objections to discharge and complaints to determine the dischargeability of debts should be "narrowly construed."

**4.** In *Cipa,* the creditor filed an objection to the debtor's claim of exempt property 17 days late. Nevertheless, the court found that the objection should be allowed because the delay did not prejudice the debtor and because a denial of the objection would have been extremely unfair to the creditors of the debtor's estate.

In *Ragsdale* it was held that a delay of 70 days, nearly three times longer than that which we are concerned with here, was permissible if the court so ordered. In arriving at this conclusion, the court cited for its authority 11 U.S.C. § 105(a) which states:
> The bankruptcy court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title.