**In re Donald Sherman WILSON and Barbara Jean Wilson, dba Don Wilson's V.W. Engines, Debtors**

**Donald Sherman WILSON and Barbara Jean Wilson, dba Don Wilson's V.W. Engines, Plaintiffs,**

**v.**

**John OTTO, Defendant.**

**Bankruptcy No. 82–00208–P7.**

**Adv. No. C82–0650–P7.**

United States Bankruptcy Court,
S.D. California.

June 30, 1983.

Wells B. Lyman, El Cajon, for plaintiff.

Eric D. Wolf, San Diego, for defendant.

## MEMORANDUM DECISION

ROSS M. PYLE, Bankruptcy Judge.

Donald and Barbara Wilson the plaintiff-debtors, filed a joint petition under Chapter 7 of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*, hereinafter, "Code") on January 20, 1982. An order discharging the debtors from their obligations was entered on June 7, 1982. Prior to discharge, the Wilsons brought this action pursuant to 11 U.S.C. § 522(f) to avoid the defendant, John Otto's, judicial lien, alleging that Otto's lien impairs the Wilsons' scheduled homestead exemptions.

Schedule B–4 of their Petition reflects that the Wilsons chose to take advantage of

both the federal and state homestead exemptions on their residence. Barbara Wilson claimed a $7,500 exemption under § 522(d)(1) of the Code, and Donald Wilson claimed a state exemption of $45,000 under California Civil Code Section 1237.

The parties stipulated to the following pertinent facts: (a) that a judgment was entered in the Municipal Court of California in favor of Otto against Donald Wilson, in the sum of $597.51 on August 7, 1979, and that an abstract of judgment was duly recorded on September 27, 1979; (b) that the recorded abstract of judgment constituted a lien on all the real property of the judgment debtor; and (c) that the market value of the Wilsons' home is $140,000 subject to encumbrances in the following priorities:

| First Trust Deed | Coastal Savings | $87,000 |
| Judgment | John Otto | $ 750[1] |
| Judgment | Joseph Vanni, Sr. | $20,500[2] |
| Judgment | Bank of America | $40,000[2] |

The question presented to the Court concerns Donald Wilson's state homestead exemption. The Wilsons claim that the correct amount of the California exemption is $45,000; Otto argues that it is $40,000. The determination of this issue will ultimately be dispositive of the case. The stipulated facts show that, excluding judicial liens, there is $53,000 of equity in the residential property. Subtracting the two uncontested federal exemptions leaves us with $45,200.[3] Since Otto's lien is for $750, if the correct amount of the California exemption is $45,000, the exemption is impaired and § 522(f)(1) would operate to nullify the lien; if the proper amount is $40,000, Otto's lien does not impair the Wilsons' homestead exemptions and would remain valid.

1. The Stipulation of Facts submitted by the parties refers to different figures for Otto's lien, $597.51 and $750. However since both parties briefed and argued the issues using the $750 figure, the Court considers that figure to be the correct amount of the lien for purposes of this complaint.

2. The judgments in favor of Joseph Vanni, Sr., and Bank of America are also the subject of separate lien avoidance adversary proceedings filed by the Wilsons.

Otto argues that the allowed state exemption should be $40,000, the amount that was provided in California Code of Civil Procedure Section 1237 at the time his judicial lien arose in 1979.[4] The Wilsons claim entitlement to the larger current exemption amount, as scheduled, because no objection was filed within the 15 day limitation period set forth in this District's Local Bankruptcy Rule 32. They assert that Otto is barred from now raising any objection to the claimed amount as a defense to the complaint to avoid lien, citing as authority Judge Meyers' decision in *In re Skipwith*, 9 B.R. 730 (Bkrtcy.S.D.Cal.1981).

## DISCUSSION

*Amount of Cal. Civil Code Section 1237 Homestead Exemption*

The Wilsons argue that under *Skipwith*, *supra*, "it is clear that the debtors can take advantage of the increase in homestead exemption unless challenged by a creditor" (Plaintiff's Trial Brief, p. 3, 11.2–4), and that in this case there was no challenge since Otto did not comply with Local Bankruptcy Rule 32. Judge Meyers in *Skipwith*, *supra*, determined that a trustee has no powers under § 544(a) which support a challenge to an increase in an exemption occurring prior to the filing of a petition. *Skipwith*, *supra* at 737. However, as alluded to by the Wilsons, Judge Meyers specifically refrained from "foreclosing the possibility that individual pre-existing creditors might maintain their own cause of action based on retained rights they may have to attack the increase." *Skipwith*, *supra* at 738.

3. Barbara Wilson's claim to the $7900 exemption allowable under sections 522(d)(1) and 522(d)(5) have not been challenged.

4. The California Legislature increased the amount of exemption under California Civil Code section 1237 from $40,000 to $45,000, effective January 1, 1981.

Otto is the pre-existing creditor anticipated by Judge Meyers. Therefore, the only real issue is: Does Otto's failure to comply with this Court's Local Bankruptcy Rule 32 preclude him from asserting his rights as a pre-existing creditor by affirmative defense in a lien avoidance adversary proceeding brought by the Debtor.

Section 522(*l*) of the Code provides as follows:

"The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section. If the debtor does not file such a list, a dependent of the debtor may file such a list, or may claim property as exempt from property of the estate on behalf of the debtor. Unless a party in interest objects, the property claimed as exempt on such list is exempt."

No time period for objection is specified in this section. However Local Bankruptcy Rule 32 sets a limitation period of 15 days from the conclusion of the § 341(a) meeting within which a party in interest can object to a Debtor's claim of exemptions. It is conceded that no objection was filed within this 15 day period. Local Bankruptcy Rule 32 was adopted to establish necessary procedures for the efficient administration of cases under the Code, and more particularly, to effectuate the intent of § 522(*l*).

While recognizing the important function of its Local Rules, this Court holds that the existence of Rule 32 does not preclude Otto's challenge to the Wilsons' California homestead exemption in the procedural context of this case.

The Bankruptcy Court in *Martine v. Cipa,* 11 B.R. 968 (Bkrtcy.W.D.Penn.1981) was faced with a similar situation. There a Debtor attempted to avoid a creditor's lien under § 522(f), asserting that the creditor was barred from objecting to the amount of the Debtor's exemption because she had failed to file her objection to the claimed

amount of exemption within the time period specified in the Court's previous order.[5] Judge Gibson excused the creditor's delay, basing his decision on the equities in the case, stating that the delay did not prejudice the Debtor in any way, and that a refusal to consider the merits would be extremely unfair to the creditors of the Debtor's estate. *Cipa, supra* at 970. Although in *Cipa* there was no local rule analogous to this Court's Rule 32, the equities dictate a similar result in this case.

Local Rules are promulgated primarily to promote the efficiency of the enacting court, and that court has a large measure of discretion in applying those rules. *United States v. Simmons,* 476 F.2d 33, 35 (9th Cir.1973); *Telemart Enterprises Inc.,* 524 F.2d 761, 766 (9th Cir.1975); *Lance, Inc. v. Dewco Services, Inc.,* 422 F.2d 778, 783–784 (9th Cir.1970). In this case, Local Rule 32 was intended to promote the speedy definition of the amount of property in the Debtor's estate. This decision does not hinder that policy.

It is essential to note the context in which Otto is objecting to the Wilsons' claim of exemption. The objection is asserted in a defensive posture. The Wilsons are attempting to avoid Otto's lien, claiming that it impairs their $45,000 state homestead exemption. Otto counters with the defense that the Wilsons are not entitled to $45,000, but only $40,000 in exempt status, the amount statutorily prescribed at the time his lien was recorded. If Otto prevails, the only result is that his lien remains intact. It would be inequitable to strip Otto of this legitimate defense in this procedural context. Therefore, I hold that Otto's challenge to the amount of state homestead exemption is not precluded by his non-compliance with Bankruptcy Local Rule 32, and the asserted defense is an appropriate objection within the purview of § 522(*l*) of the Code.[6]

5. In *Cipa* the limitation period was also 15 days from the conclusion of the section 341(a) meeting.

6. It should be noted that this result which benefits one creditor is *contra* to the long accepted

policy of benefitting all creditors through the use of the Trustee's avoiding powers, though based upon the status of one creditor. [See *Moore v. Bay,* 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133 (1931)]. However, in the case at bar, the

■ Once any procedural barriers are lifted against Otto's objection to the Wilsons' exemption, a determination of the proper amount of the Wilsons' state homestead exemption is relatively simple. An increase in the statutory exemption of property cannot be applied retroactively to a creditor in existence prior to the increase, since such an application would constitute an impairment of the obligation of contract. *In re Rauer's Collection Co. Inc.,* 87 Cal. App.2d 248, 253, 196 P.2d 803 (1948). *Rauer* remains good law in the context of an individual creditor's challenge to a Debtor's exemption. It follows, then, that the proper amount of the Wilsons' homestead exemption under California Civil Code Section 1237 is $40,000.

## CONCLUSION

As previously mentioned, the value of the Wilsons' residence was stipulated to be $140,000 subject to non-judicial liens of $87,000, leaving equity in the amount of $53,000. As determined here, the Wilsons are entitled to homestead exemptions totalling $47,800.[7] Therefore, Otto's $750 judicial lien does not impair the Debtors homestead exemptions. Judgment is for the defendant. The lien remains.

The foregoing shall constitute Findings of Fact and Conclusions of law pursuant to Bankruptcy Rule 752. Counsel for the Defendant shall submit an appropriate judgment within ten (10) days. A copy of this Decision and the judgment shall also be served upon the Trustee in this case.

Dated: June 30, 1983.

Trustee is not asserting any avoiding power based upon Otto's status, so the issue before Judge Meyers in *Skipwith, supra,* is not presented for this Court's consideration. The further question as to whether this lien is a "transfer" avoidable by the Trustee under § 549(a) is expressly not decided here and to the extent it might be considered a "transfer" is

not "authorized" by the Court within the meaning of § 549(a)(2)(B).

7. Cal.Civ.Code = $40,000
   11 U.S.C. § 522(b)(1), (d)(5) = $7,500
   11 U.S.C. § 522(b)(1), (d)(1) = $300